BAKER, CARVER & MORELL, PLAINTIFFS AND APPELLEES, *v.*
HEALY & SIEBERT, DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.—Motion for Change of Venue.

No. 2809.—Decided February 23, 1923.

VENUE—CHANGE OF VENUE—AFFIDAVIT OF MERITS—REMEDIAL STATUTES—CON-STRUCTION OF LAW.—A motion for a change of venue wherein the party asking for a trial in the proper district avers substantially that he has made a faithful, complete and detailed statement of all of the facts to his attorneys who advised him that he had a good defense, which he believes in good faith, meets the requirements of section 82 of the. Code of Civil Procedure and it should not be concluded that the motion is insufficient because it fails to state that the advice of the attorneys was the result of a statement of all of the facts and that the defense was a defense on the merits. Remedial statutes should be construed liberally in favor of the remedy, and rules of procedure are remedial in their nature.

The facts are stated in the opinion.
*Messrs. J. Sabater* and *B. J. Horton* for the appellants.

*Messrs. L. Janer* and *O. M. Wood* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

The court below, without assigning any reason for its action, overruled a motion for a change of venue.

The only question that demands serious consideration involves the form and sufficiency of a paragraph contained in the affidavit of merits which says:

"That I have made a faithful, full and detailed statement of all the facts in this case to my attorneys, Messrs. Benjamin J. Horton and José Sabater, who have their offices on Libertad Street of this city; that the said attorneys have advised me, and I believe in good faith, that there is a good cause of defence in favor of the defendant and against the plaintiff; that the lawful residence of my husband, John Jacob Siebert, who was a merchant until his death, and where he had the centre of his mercantile business, as well as that of the partnership of Healy & Siebert, where its sole mercantile firm was established, was and is the city of Mayagüez."

Counsel for appellee insist that the omission of affiant to affirm that the advice referred to was the direct result and consequence of the exposition of facts and that the defense "in favor of defendant and against plaintiff" was a defense "upon the merits" is fatal.

Our Code of Civil Procedure, after fixing the venue of a number of actions for various enumerated causes, specifies in section 81 that: "In all other cases the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action;   *   *   *  ".

Section 82 provides that:

"If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

Section 83 authorizes a change of venue "when the district designated in the complaint is not the proper district."

As pointed out in *Smith* v. *Smith*, 88 Calif. 572, at page. 575:

"The general spirit and policy of the statute is to give to the defendant the right of having all personal actions against him tried in the county of his residence. Provision is made for the trial of actions affecting real estate in the county where the land is situated, and for the trial of certain other designated actions in the county where the cause of action arose; but the general rule for the place of trial is prescribed in section 395, by the declaration that 'in all other cases' the action must be tried in the county in which the defendant resides at the commencement of the action. This section is general and comprehensive in its terms, and embraces all other cases than those which are specified in the three preceding sections. It is intended to protect the defendant in the expense and inconvenience of being compelled to go to a distant county to defend himself against an action that might be commenced against him there, and is in accordance with the principles that obtain wherever the common law prevails, that the plaintiff who would seek redress from a defendant must seek it in the county where he resides."

And in *Buck* v. *City of Eureka*, 97 Calif. 135, a plea for strict construction of the code provisions was disposed of thus:

"We know of no reason why they should be subjected to a strict construction. The rule, on the contrary, is, that remedial statutes should be liberally construed in favor of the remedy, and rules of procedure are remedial in their nature. The law advises the plaintiff as to the proper county in which to commence his action, and he ought to follow the rule prescribed. He is indulged so far, however, that when the county in which the action is commenced is not the proper county for the trial, the action may nevertheless be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper county. (Code Civ. Proc., sec. 396.) With respect to the demand here required, nothing appears to have been deemed essential, except that it be made in writing—like motions generally—and that it be made promptly before the court in which the action was commenced has been called upon to deal with its merits. Subject to

these reasonable conditions, the fullest recognition should be accorded to the right of the defendant to have the case transferred to the proper county. The cases in which it has been held that, in addition to written notice of his intention to move for a change of the place of trial, the defendant must also serve and file another paper in the literal form of a demand for a change (a proceeding entirely superfluous), seem to have gone as far in the way of strictness as there is any call for. Here we have, in addition to a notice of the motion, a demand in writing, the only objection to which is, that the attorneys of the defendant, describing themselves as such, say that *they* demand, instead of saying that the *defendant* demands. It may be that they do not formally comply with the literal terms of the statute, but they have satisfied its reason by a substantial compliance, and that is sufficient."

In *State Ex Rel. Stephens* v. *District Court et al.*, Ann. Cas. 1912 C, page 343, the Supreme Court of Montana sets forth in substance the stereotyped form prescribed by the earlier adjudicated cases, and, after quoting from an en- cyclopedia a statement to the effect that "every part of this form is material and any departure from it should be avoided," proceeds to say: "We think the affidavit of merits required by section 6505, Revised Codes, is the formal affidavit referred to and the form of which is given in the authorities just quoted."

But the mind of the Montana court was centered upon the distinction to be drawn between the requirements of a sworn statement "sufficient to warrant the court in vacating a default judgment" and those of an affidavit made for the purpose of obtaining a change of venue. There was no question, nor room for argument had any question been raised, as to the sufficiency of the affidavit actually before the court even though tested by the time worn phraseology of the form books.

It is also true that in California some of the decisions, like some of our own, perhaps, (as for example *Agenjo* v. *Santiago,* 25 P. R. R. 432) cited by appellee, are not in full harmony with the obvious purpose of the code provisions

and the liberal construction thereof suggested by the ex-
tracts from the opinions in *Smith* v. *Smith* and *Buck* v.
*City of Eureka, supra.*

On the other hand, in *State Ex Rel. Allen* v. *Superior
Court,* 9 Washington, 668, we find the following:

"In determining as to the sufficiency of the affidavit of merits.
the object for which it was filed must be taken into consideration.
Under our statute a resident of any county is entitled as a matter
of .right to be sued in the county in which he, or some of his co-
defendants, reside, but for the purpose of preventing judgments
rendered in good faith from being open to collateral attack by show-
ing subsequent to their becoming final, to the effect that none of the
defendants were residents of the county in which they were rendered,
the legislature has wisely provided that notwithstanding this absolute
right on the part of a defendant to .be sued in the county of his resi-
dence, this right shall not so avail him as to deprive the court of an-
other county in which an action has been brought of jurisdiction,
unless he appears and raises the question as to which is the proper
county as provided by statute.   It will be seen that the right to have
the case tried in the county of his residence is an absolute one, subject
only to certain exceptions.   It, therefore, becomes the duty of the
courts to see that these rights are preserved, and that the exceptions
are not so construed as to destroy such rights by reason of any
technical or slight mistake on the part of the party in attempting to
negative the exception.   The retention of jurisdiction by the court
other than that of the county of the residence of the party is in a
certain sense a wrongful one, even without any motion being made
for a transfer to the proper county, and has only been sanctioned by
the legislature by reason of the necessities of the case as above
suggested.   It follows that the proceedings by which the right to
transfer is made absolute, and this exception negatived, should be
construed with the utmost liberality, and that if it appears there-
from that there is an intent on the. part of the defendant to avail
himself of the privileges of the statute for the purpose of negativing
the exception contained therein which authorizes the court to
maintain jurisdiction, it should be held sufficient, even though there
has been only a substantial and not a technical compliance with the
provisions of the statute.

"We are aware that the decisions in the State of California, and

perhaps in some of the other states, seem to have been based upon a different theory, but in our opinion these courts have lost sight of the fact that the exception by which the court in which the action has been brought is allowed to retain jurisdiction is one of necessity, and was only enacted to effect the absolute right of transfer to the county of the residence so far as was necessary to protect the validity of judgments rendered where no motion for transfer had been made. Under the liberal construction of this statute, which we think it should receive, the affidavit of merits in the case at bar was sufficient. It is true that it is not therein stated that the whole case had been made known to counsel, but it is stated that the facts constituting the defense had been fully made known, and since the only object, in this proceeding, of such affidavit, is to show that there is something to try as between the plaintiff and defendants, the object is fully met even by this defective statement. It is made sufficiently to appear therefrom that the defendants desired to put in a defense, and have it tried in the proper county, and therefrom it can be fairly gathered that they will be entitled to file an answer which will raise issues for trial, and thus the object for which the legislature required an affidavit of merits has been fully subserved.''

Again in *State Ex Rel. Stewart & Holmes Drug Co.* v. *Superior Court,* 67 Wash. 321, the same court, construing section 208 of the Washington Code, said:

''This section must be construed with reference to 207 and 209. When so considered, we think it is clear that, although admitting that there are certain cases where an affidavit of merits, taken in its old-time technical sense, is an essential prerequisite to the order of the court, it does not follow that it is so in all cases. Section 209 provides that the court may change the place of trial when it appears by affidavit that 'the county designated in the complaint is not the proper county,' or 'to secure an impartial trial,' or for the 'convenience of witnesses, or to serve the ends of justice.' Clearly the affidavit mentioned here is not the old-time affidavit of merits. The merit of the case is immaterial where a defendant may change the place of trial to the county of his residence as a matter of right; or the court, as a matter of discretion, may order a change when a showing is made that an impartial trial cannot be had, or when the convenience of witnesses or the ends of justice demand

that it be so.  A change of venue is made, under these circumstances, when facts showing any of these conditions are made to appear, not because there may be a defense to the action which is sustained by advice of counsel, but because of the statute itself; and when a showing of any of these grounds is brought to the attention of the court by affidavit, it will be held to be an 'affidavit of merits,' within the meaning of the term as employed in sec. 208, and the word 'affidavit' as it appears in sec. 209, Rem. & Bal. Code. So in this case, the residence of the defendant being in San Juan county, and it having transpired that the principal action will not be tried upon its merits in King county, we find no reason for interfering with the order of the court, whether it be grounded upon the absolute right of the defendant (4 Ency. Plead. & Prac., p. 393), or upon the discretionary power of the court.''

This frank abandonment of the traditional, technical, so called essentials commends itself to our best judgment as a sound, consistent, common-sense view of the matter, tending not only to simplify and expedite the trial and disposition of pending cases, but also to carry into effect without judicial interference or obstruction the plain purpose of the Legislature.

The order appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.