[No. 10090.  Department One.  February 26, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Stewart &
Holmes Drug Company, Plaintiff*, v. THE SUPERIOR
COURT FOR KING COUNTY, *Respondent*.[1]

VENUE—CHANGE—GARNISHMENT—RESIDENCE OF GARNISHEE.  Upon
default by a nonresident defendant in the main action, a garnishee
defendant is entitled to a change of venue to the county of his resi-
dence for a trial of the issue in the garnishment.

VENUE—CHANGE—APPLICATION—AFFIDAVIT OF MERITS—RESIDENCE
OF GARNISHEE.  Under Rem. & Bal. Code, § 208, providing that where
an action is not brought in the proper county, a trial may be had
there unless the defendant files an affidavit of merits and demands
a change of venue, an affidavit of merits, in the technical sense, is
not necessary upon a demand for a change of venue by a garnishee
defendant to the county of his residence, when construed with refer-
ence to §§ 207 or 209, authorizing a change of venue when it appears
by affidavit that the county designated in the complaint is not the
proper county, or when necessary to secure a fair trial, or for the
convenience of witnesses.

Application for a writ of certiorari to review an order of
the superior court for King county, Myers, J., entered De-
cember 21, 1911, granting a change of venue to the county
of the residence of a garnishee.  Denied.

*Leopold M. Stern* (*J. W. Russell*, of counsel), for relator.
*Edward Judd*, for respondent.

CHADWICK, J.—This is an original application for a writ
of certiorari.  Relator, the Stewart & Holmes Drug Com-
pany, began an action in the superior court of King county,
against one J. G. Ross, and at the same time began a gar-
nishment proceeding against J. W. Reed, who lives in San
Juan county.  The sheriff of King county returned the sum-
mons and complaint in the principal action "not found," and
an order was thereupon made directing the publication of

[1]Reported in 121 Pac. 460.

summons. The garnishee defendant appeared within the time limited by law, and made answer, accompanied by a motion for a change of place of trial to San Juan county. This motion was based upon an affidavit showing that he was a resident of San Juan county. Upon hearing, the respondent herein made an order directing that the motion for a change of venue be granted, conditioned, however, upon the nonappearance of the defendant Ross within the time limited by law. Respondent further directed that, "the clerk of this court hold the papers in King county until the expiration of the time for appearance of the defendant Ross. If the defendant Ross appears and defends the action, the motion for a change of venue is denied. If the defendant Ross does not appear and is defaulted, then the motion for a change of venue is granted, and the clerk of the court is authorized to send all the papers to the clerk of the superior court of San Juan county for trial." The time for appearance having expired, default was taken against the principal defendant, and relator came to this court asking for a review of the proceeding, in so far as the order changing the venue is concerned.

The relator contends that the venue of the principal action was properly laid in King county; that garnishee process is properly issued in an action where service of summons is had by publication; that the garnishment gives the court jurisdiction over the nonresident defendant; that the garnishment is auxiliary and ancillary to the main issue, and is triable where the main action is triable, all of which may be admitted; but being so, we are of opinion that the case against the garnishee may be sent for trial to the county in which he resides. The case of *State ex rel. Wyman v. Superior Court*, 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N. S.) 568, is valuable in that it not only illustrates the rule governing the practice in garnishment cases, but also clearly indicates the right of nonresident garnishee defendants to have a case, in so far as they are concerned,

removed under the general statutes providing for a change of venue. The court said:

"Statutes conferring the right to a change of venue are enacted with a view of affording litigants a fair and impartial trial. They are in furtherance of justice, and should be liberally construed so as not to defeat the right. . . . In *Kelly v. Ryan*, 8 Wash. 536, 36 Pac. 478, . . . the court held that the garnishment proceeding was simply a step in the main action, was ancillary thereto, . . . The county in which the main action is pending is the *proper* county in which to sue out a writ of garnishment, regardless of the place of business of a corporation or the residence of the garnishee, and to that extent the garnishment statute supersedes other statutes requiring certain actions to be brought in a particular county."

By citation of apt authority, the court shows the rule to be that, "there is no objection to a severance." After quoting § 327, Rood on Garnishment:

"The decisions holding that the garnishment follows the main case on change of venue, are no authority to the effect that the garnishee cannot have a change of venue, for no judgment can be rendered against him until the main action is in judgment, after which the reasons for keeping the two together are less;"

the court continues:

"A garnishment proceeding is neither more nor less than an action by the defendant against the garnishee for the use of the plaintiff. It possesses all the elements of any other action. The law contemplates that contingencies will arise where the ends of justice demand a change in the place of trial. A garnishment proceeding comes within the spirit of this law, and is not excluded by the letter."

It is further insisted that, if we come to this conclusion, the order cannot be sustained because the application is insufficient, in that it is not accompanied by an affidavit of merits. Section 208, Rem. & Bal. Code, is relied on:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time

he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county."

This section must be construed with reference to §§ 207 and 209. When so considered, we think it is clear that, although admitting that there are certain cases where an affidavit of merits, taken in its old-time technical sense, is an essential prerequisite to the order of the court, it does not follow that it is so in all cases. Section 209 provides that the court may change the place of. trial when it appears by affidavit that "the county designated in the complaint is not the proper county," or "to secure an impartial trial," or for the "convenience of witnesses, or to serve the ends of justice." Clearly the affidavit mentioned here is not the old-time affidavit of merits. The merit of the case is immaterial where a defendant may change the place of trial to the county of his residence as a matter of right; or the court, as a matter of discretion, may order a change when a showing is made that an impartial trial cannot be had, or when the convenience of witnesses or the ends of justice demand that it be so. A change of venue is made, under these circumstances, when facts showing any of these conditions are made to appear, not because there may be a defense to the action which is sustained by advice of counsel, but because of the statute itself; and when a showing of any of these grounds is brought to the attention of the court by affidavit, it will be held to be an "affidavit of merits," within the meaning of the term as employed in § 208, and the word "affidavit" as it appears in § 209, Rem. & Bal. Code. So in this case, the residence of the defendant being in San Juan county, and it having transpired that the principal action will not be tried upon its merits in King county, we find no reason for interfering with the order of the court, whether it be grounded upon the absolute right of a defendant (4 Ency. Plead. & Prac., p. 393), or upon the discretionary power of the court.

Writ denied.

DUNBAR, C. J., CROW, and PARKER, JJ., concur.