[No. 14187.    Department Two.    October 18, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Edmond
Poussier, Plaintiff*, v. THE SUPERIOR COURT FOR
PACIFIC COUNTY, *H. W. B. Hewen*,
*Judge, Respondent.*[1]

VENUE — CHANGE—APPLICATION—PROCEEDINGS—STATUTES.    Under
Rem. Code, § 208, requiring a change of venue in a transitory action
to the county of defendant's residence, if at the same time "he
appears and demurs or answers," he files an affidavit of merits and
demands the change, it is not necessary to either answer or demur,
but a notice of appearance, affidavit of merits and demand is a sub-
stantial compliance with the statute.

SAME—CHANGE—APPLICATION—WAIVER.    Under such statute, the
service of notice of appearance some days before demand and affi-
davit of merits, does not waive the right to a change of venue,
where the papers were all filed at the same time and it was the
first matter in the case submitted to the court.

Certiorari to review an order of the superior court for
Pacific county, Hewen, J., entered April 17, 1917, denying
a motion for change of venue, after a hearing before the
court.    Reversed.

*J. Y. C. Kellogg*, for relator.

*Fred M. Bond*, for respondent.

[1]Reported in 168 Pac. 164.

FULLERTON, J.—Some time in March, 1917, one Ceron Belier began an action in the superior court of Pacific county against the relator, Edmond Poussier, to recover for personal services rendered in the case of his sick wife. After the service of the summons upon him, the relator gave written notice of his appearance in the action, and on March 27, 1917, filed the same in the office of the clerk of the superior court, together with an affidavit of merits and a motion asking a change of venue to the county of King. The motion was supported by the affidavit of the relator to the effect that he then was, and for more than a year prior thereto had been, a resident of the county of King. The written notice of appearance, the affidavit of merits, and the motion for change of venue bear the acknowledgment of due service by the plaintiff Belier's attorney, but fail to show the date of the service of either of such pleadings. The motion for change of venue was brought on for hearing on April 17, 1917, and was denied by the trial court. The proceeding in this court is a writ of certiorari, brought to review the ruling of the court.

The motion was denied by the trial court, as shown by its return to the writ issued by this court, on the ground "that, at the time said motion was presented and argued to the court, namely, on the morning of the 17th day of April, 1917, there had not been filed or served any answer or demurrer to the complaint of the plaintiff therein, or any demand for a bill of particulars on the part of the defendant, and there had not been demanded any bill of particulars by the plaintiff or defendant, and the court was of the opinion that the defendant had not complied with the statutes of the state of Washington for the change of venue."

The provision of the statute on which the court rested its judgment is found at § 208 of the code (Remington's), and reads as follows:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwith-

standing, be tried therein, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county."

The question then is, must a defendant against whom a transitory action is brought in a county different from the county of his residence demur to the complaint or answer thereto, before he is entitled to invoke the aid of the statute in having the cause removed for trial to the county of his residence. The question is not entirely one of first impression in this court. In the early case of *State ex rel. Cummings v. Superior Court*, 5 Wash. 518, 32 Pac. 457, 771, the defendant, at the time he demanded that the trial be had in the proper county, filed an affidavit of merits and demanded a bill of particulars, but neither demurred nor answered. It was held that this was a substantial compliance with the statute, the court (speaking with reference to the section of the statute above cited) saying:

"In our opinion the section should be so construed as to make it available to defendant, if he seasonably invokes its aid, and by filing a proper affidavit of merits shows that he has a defense which will necessitate a trial."

Notwithstanding there was here a demand for a bill of particulars, in addition to a demand for a trial in the county of the residence of the defendant and the affidavit of merits, it is clear that the demand for a bill of particulars was not thought to be a governing consideration. Indeed, it could not be consistently so held; for if it is a requisite of the statute that some plea accompany the demand and affidavit of merits, only a demurrer or answer would be sufficient, since these are the only pleas the statute specifically enumerates, while many others are recognized by the code, some of them as important to the due administration of justice as a demurrer or answer. For example, under § 251, a defendant who has appeared may, without answering, demand in writing an assessment of damages which the plaintiff is entitled to recover; under § 284, he may demand that an instrument

in writing or the items of an account sued upon be set forth; under § 286, he may move to strike irrelevant or redundant matter inserted in a complaint; under § 305, he may move to strike any complaint not duly verified, or any complaint which contains more than one cause of action not separately stated; and other motions and applications for orders will occur to practitioners which are recognized as within the spirit of the practice acts, although not perhaps specifically enumerated. Many of these, to be available, must come before a demurrer or an answer, and, as is suggested in the case cited, it was not the intention of the code that they could be barred by the simple process of suing a defendant on a transitory action outside of the county of his residence.

The subsequent cases of *State ex rel. Allen v. Superior Court*, 9 Wash. 668, 38 Pac. 206; *State ex rel. Stockman v. Superior Court*, 15 Wash. 366, 46 Pac. 395; *State ex rel. Stewart & Holmes Drug Co. v. Superior Court*, 67 Wash. 321, 121 Pac. 460, and *State ex rel. Martin v. Superior Court*, 97 Wash. 358, 166 Pac. 630, while not in point on the particular facts, are persuasive of the principle behind the rule. In the last mentioned case, this language was used:

"While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called upon to pass upon the question."

The court was there speaking of a demand for a trial in the proper county by a defendant sued in a transitory action in a county other than the county of his residence, and the language used is especially applicable here. Many cases are cited as sustaining the principle, and seemingly there could be no well considered case holding to the contrary. It being, therefore, a matter of right, some substantial reason ought to be shown before it is denied a defendant, and it is

not a substantial reason to say that the right should be denied because the defendant did not accompany his application with a demurrer or answer, unless the statute imperatively commands it so. We agree with the earlier case in its holding that there is no such imperative command in the statute; that the statute means that the defendant may make the demand when he appears in the action, rather than that he may make it only when he appears by the particular pleas enumerated. Here the defendant gave written notice of his appearance and accompanied the notice with a demand and affidavit of merits. This we hold to be a compliance with the requirements of the statute.

It appears from an affidavit in the record that the defendant served his written notice of appearance some days before he served his demand and affidavit of merits, and it is claimed that this is a waiver of his right to subsequently ask for a change of the place of trial. We cannot so conclude. As we have shown, the notice of appearance, demand, and affidavit were filed together, and the application was the first matter in the case the court was called upon to consider. It was therefore timely.

The order refusing a change of place of trial is reversed, and the cause is remanded with instructions to grant the application.

Ellis, C. J., Holcomb, Parker, and Mount, JJ., concur.