[No. 16087.    Department One.    November 29, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Earl E. Redlinger, Plaintiff,* v. THE SUPERIOR COURT FOR KLICKITAT COUNTY, *N. B. Brooks, Judge, Respondent.*[1]

VENUE (21)—CHANGE—AFFIDAVITS FOR CHANGE—REQUISITES—APPEARANCE. A general appearance is all that is required upon a motion for change of venue on account of the residence of the defendant, and it is not necessary that a demurrer or answer accompany the motion.

SAME (23)—CHANGE—WAIVER OF CHANGE. The defendant is entitled as a matter of right to a change of venue to the county of his residence, and does not waive his motion therefor by asking permission to file a demurrer, or for the vacation of a default erroneously entered against him, or by asking a rehearing on the demand for a change of venue.

SAME (23). Defendant's motion for a change of venue to the county of his residence is waived, where, after denial of the same, he moved upon a general appearance to require the plaintiff to file a new attachment bond.

Application filed in the supreme court September 13, 1920, for a writ of prohibition to the superior court for Klickitat county, Brooks, J., to restrain further proceedings in a cause, upon denial of a motion for change of venue. Denied.

*Chas. F. Bolin,* for relator.

*John R. McEwen,* for respondent.

[1]Reported in 193 Pac. 676.

HOLCOMB, C. J.—This is a petition for a writ of prohibition.

The State Bank of Goldendale, Washington, in July, 1920, began an action in the superior court for Klickitat county, against the relator, Redlinger, the plaintiff bank's complaint alleging that it was the payee of a certain promissory note in the sum of $9,000,. made by one Beeks, secured by a chattel mortgage given to the plaintiff bank on live stock, the property of Beeks; that Beeks paid some $4,853.40 on the note; that the balance was due; that, thereafter, and before any foreclosure of the chattel mortgage, Redlinger took ninety head of the mortgaged cattle from the county of Klickitat to the county of Yakima, where he sold them and converted the proceeds to his own use; that Redlinger, at such time, "personally knew" of the mortgage. The complaint prayed for a money judgment against Redlinger in the sum of $4,147.60.

The affidavit in support of relator's motion for the writ of prohibition recites, among other things:

"That, after the service of the complaint upon the defendant, Earl E. Redlinger, he appeared in said action by and through his attorney, your affiant herein, and made demand for change of venue, accompanying the same with a motion for a change of venue and affidavit of merits for change of venue, the same being prepared on the 22nd day of July, 1920, which said notice, affidavit and demand were served upon the opposing counsel and filed in the office of the clerk in Klickitat county, Washington, at the same time a notice. of argument was noticed for hearing on the 16th day of Aug., 1920, the motion being based on the defendant's residence.

"That, at said time of said hearing, there had been no counter affidavits filed, controverting the residence of said defendant, Earl E. Redlinger, and that, at the time of arguing said motion, the defendant did not appear in person or by his said counsel, but that plaintiff

did appear by its counsel and insisted that the matter was not properly before the court, for the reason that a demurrer or answer did not accompany said demand for change of venue. The then presiding judge, William Darch, believing the point well taken, made and entered an order denying said demand for change of venue, a copy of which said order is hereto attached.

"That thereafter the then presiding judge, William Darch, made and entered an order of default adjudging the defendant, Earl E. Redlinger, in default for failure to plead.

"That thereafter, this defendant, Earl E. Redlinger, appeared before the said William Darch, moved that the said default be set aside and the change of venue granted on the grounds that the court had not jurisdiction to enter said default and that the same be set aside and the change of venue granted. The order of default being set aside on terms, the motion for rehearing and a change of venue was continued to the 3rd day of September, 1920. In the meantime William Darch's resignation had taken effect, and N. B. Brooks, having heretofore been appointed judge by the governor of this state and had duly qualified, was presiding when said motion for rehearing change of venue was presented, and after hearing of argument said motion was denied by said judge, at which time he refused and still refuses to change the venue."

From the respondent's affidavit supporting his return to the alternative writ, we gather that, after the relator's motion for a rehearing had been denied, the relator objected to the sufficiency of the attachment bond filed in the cause, and asked for an order requiring the plaintiff bank to file a new bond, which order was granted.

The respondent urges that all of the appearances made by the relator, asking for affirmative relief, were made after the relator's motion for change of venue had been denied; that they were all general, and not special, appearances; and that the relator had thereby

waived his right to question the jurisdiction of the superior court.

The argument of the respondent, in denying the motion for change of venue, is that, after the denial of such motion, instead of questioning the order of dismissal by an appeal to this court, Redlinger returned to the respondent's court and, by general appearances, (1) asked permission to file and serve a demurrer to the plaintiff's complaint, which permission was granted; (2) moved that the order of default be set aside, which motion was also granted; (3) asked for a rehearing on his motion for a change of venue; and (4) moved to require the plaintiff bank to file a new bond for attachment.

The question before us is, Is a general appearance, after motion for change of venue denied, an acceptance of jurisdiction, waiving the right to question the motion denying the requested change of venue?

The trial judge who first heard the motion for a change of venue was in error in holding that the matter (of the change) was not properly before the court because a demurrer or answer had not accompanied the demand for a change to the proper county. *State ex rel. Poussier v. Superior Court,* 98 Wash. 565, 168 Pac. 164.

A general appearance is all that is required when demanding such change under § 208, Rem. Code, which reads:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county."

The appearance is positively required to be general, in order to retain jurisdiction of the cause of action

over the person of the defendant in the proper county, and, together with the affidavit of merits, to disclose good faith and an actual intention to defend the action.

But this general appearance is not to be construed as a general appearance which submits the cause and the person sued to the jurisdiction of the court of the wrong county. When the defendant in an action shows that the county in which the action is commenced is not the proper county, then, as a matter of right, he is entitled to a transfer to the county of his residence. *State ex rel. Martin v. Superior Court*, 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905; *State ex rel. Poussier v. Superior Court, supra; State ex rel. Schlosberg v. Superior Court*, 106 Wash. 320, 179 Pac. 865; *State ex rel. Owen v. Superior Court*, 110 Wash. 49, 187 Pac. 708.

Nor can the subsequent motions by the relator in the court below, first, asking permission to file a demurrer (which the statute grants), second, asking that the default, erroneously entered against him, be set aside, and third, asking a rehearing on the demand for a change of venue to the proper county, in any sense be deemed general appearances by the relator submitting to the jurisdiction of the superior court of the wrong county. They were all but additional efforts to procure the correct determination by the local court of what should have been granted in the first instance.

The fourth step taken, in moving that the plaintiff in the original action be required to file a new attachment bond, we are impelled to hold was a general submission of the personal jurisdiction to the trial court. That was a step the relator was not coerced to take by any previous erroneous decision of the trial court. Nor did he make his appearance for that purpose

*special*, and we are convinced he could not specially appear for such purpose. Had he rested upon his motions going to divest the trial court of the wrong county of jurisdiction over him, personally, we should have been obliged, in conformity with our previous decisions, to grant the writ here prayed for. But, having gone further, and invoked the general jurisdiction and authority of the court, which, under our statute, may, notwithstanding the defendant has been sued in the wrong county, nevertheless proceed and determine the cause and render and enter a valid judgment, unless ousted of jurisdiction at the first appearance of the defendant, he cannot now claim the benefit of the transfer statute.

". . . it is a general rule that if the defendant appears for another purpose than to object to the jurisdiction, such appearance is general, and a waiver of all defects in the original process. It is an acknowledgment also of the complete jurisdiction of the court in the action over the person of the defendant." 2 R. C. L. 331.

We hold that the relator, by moving to require the plaintiff bank to file a new attachment bond, waived. his privilege of questioning the jurisdiction of the trial court and submitted thereto.

The application for the writ of prohibition is denied.

FULLERTON, PARKER, BRIDGES, and MACKINTOSH, JJ., concur.