Rafael Silva, Plaintiff and Appellant, *v.* Heirs of Valentín R. Báez, consisting of Micaela R. Báez, Octavio R. Báez and Josefa Báez, Defendants and Appellees.

No. 3676. Argued November 10, 1925.—Decided November 18, 1925.

Change of Venue—Affidavits.—A change of venue in a personal action should be granted as a matter of right when the facts showing diversity of residence are proved, especially when the complaint alleges that the defendants do not reside in the district wherein the action was brought.

District Court of Ponce, Rafael Díaz Cintrón, J. Order granting change of venue. *Affirmed.*

C. R. *Colón* for the appellant. P. *Fajardo Martínez* for the appellees.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from an order granting a change of venue in a civil action of debt.

The appellant alleges in his complaint that the defendants do not reside in the district wherein they have been sued and insists that the question raised does not consist in whether or not the defendants are entitled to a change of venue, but exclusively in the merits of the affidavit submitted to support that right.

This question has been studied fully by this court in the cases of *Baker, Carver & Morell* v. *Healy & Siebert,* 31 P. R.R. 527, and *Font* v. *Castro et al.,* 33 P.R.R. 746. It is un-

necessary to extend the discussion. It suffices to refer only to that part of the opinion in the case of *State ex rel. Stewart & Holmes Drug Co.* v. *Superior Court,* 67 Wash. 321, 121 Pac. 460, cited in said cases as follows:

"This section must be construed with reference to sections 207 and 209. When so considered, we think it is clear that, although admitting that there are certain cases where an affidavit of merits taken in its old-time technical sense is an essential pre-requisite to the order of the court, it does not follow that it is so in all cases. Section 209 provides that the court may change the place of trial when it appears by affidavit that 'the county designated in the complaint is not the proper county,' or 'to secure an impartial trial,' or for the 'convenience of witnesses, or to serve the ends of justice.' Clearly the affidavit mentioned here is not the old-time affidavit of merits. The merit of the case is immaterial where a defendant may change the place of trial to the county of his residence as a matter of right, or the court as a matter of discretion may order a change when a showing is made that an impartial trial can not be had, or when the convenience of witnesses or the ends of justice demand that it be so. A change of venue is made, under these circumstances, when facts showing any of these conditions are made to appear, not because there may be a defense to the action which is sustained by advice of counsel, but because of the statute itself; and when a showing of any of these grounds is brought to the attention of the court by affidavit, it will be held to be an 'affidavit of merits' within the meaning of the term as employed in section 208, and the word 'affidavit,' as it appears in section 209, Rem. & Bal. Code. So in this case the residence of the defendant being in San Juan county, and it having transpired that the principal action will not be tried upon its merits in King county, we find no reason for interfering with the order of the court, whether it be grounded upon the absolute right of a defendant (4 Ency. Pl. & Pr. p. 393), or upon the discretionary power of the court."

For the foregoing reasons the order appealed from is affirmed.

Mr. Justice Wolf took no part in the decision of this case.