[No. 22396. Department One. April 11, 1930.]

THE STATE OF WASHINGTON, *on the Relation of George W. De Lape, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

*Geo. D. Lantz,* for relator.

*Riddell, Brackett & Fowler,* for respondent.

[1]Reported in 286 Pac. 851.

PARKER, J.—The relator, De Lape, seeks in this court a writ of mandate requiring the superior court for King county to transfer to the superior court for Spokane county an action commenced against him in the superior court for King county by Charles S. Best Co., a corporation. De Lape rests his claimed right to have the action so transferred upon the ground that it is transitory, and that he was at the time of its commencement a resident of Spokane county.

The facts which we regard as decisive of De Lape's claimed right, appearing undisputed in the record before us, may be summarized as follows: On February 9, 1927, Charles S. Best Co. commenced an action in the superior court for King county against De Lape by the service of a summons and complaint upon him, seeking a judgment for money claimed to be owing to it from him. On February 23, 1927, De Lape served upon counsel for Charles S. Best Co. his motion to transfer the action to the superior court for Spokane county, accompanied by his affidavit duly sworn to on that day, stating:

". . . that he has resided in Spokane county continuously since April, 1920, and is now a resident of Spokane county, Washington, and was a resident of Spokane county at the time of the service of the summons and complaint upon him; and that affiant is not and has not been a resident of King county, Washington, since April, 1920."

At the same time De Lape served upon counsel for Charles S. Best Co. his demurrer to its complaint, and also his affidavit of merits showing that he has a good and meritorious defense to the action. The above quoted sworn statement of De Lape as to his residence in Spokane county from April, 1920, to February 23, 1927, the date of the making of his affidavit, is not denied in any respect; but in December, 1929, Charles

S. Best Co. served upon counsel for De Lape an affidavit of its president stating facts tending to show that De Lape was then residing in Seattle, in King county. That affidavit, made nearly three years after the service of De Lape's motion for transfer of the action, is the first resistance to De Lape's motion made in that behalf. That affidavit was answered by counter-affidavit made by De Lape, thus raising an issue as to De Lape's continued residence in Spokane county in December, 1929.

Thereafter in January, 1930, Charles S. Best Co. first filed its complaint in the action in the superior court for King county, and evidently about the same time the other papers above noticed were filed in the action. There were other papers filed in the action at about that time by which Charles S. Best Co. attempted to present the question of the superior court for King county being the proper court for the trial of the action because of the convenience of witnesses. The record of the action being in this condition, the motion of De Lape for transfer of the action to the superior court for Spokane county came on for hearing, and, being argued by counsel for the respective parties, the court disposed of it as follows:

"IT IS HEREBY ORDERED: That . . . , and defendant's motion for change of venue to the superior court of the state of Washington, in and for the county of Spokane, be and the same is hereby denied for the reason and upon the ground that defendant now resides in King county, Washington, and the convenience of witnesses and accessibility of records require the trial hereof in King county, . . ."

Since the venue of the action of Charles S. Best Co. against De Lape is not governed by the subject-matter of the cause of action under Rem. Comp. Stat., § 204; and is not governed by where the cause of action

arose under § 205, Rem. Comp. Stat.; and is not an action against a corporation under Rem. Comp. Stat., § 206; its venue is governed by the following sections of Remington's Compiled Statutes:

"§ 207. In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, or may be served with process, subject, however, to the power of the court to change the place of trial, as provided in the next two succeeding sections.

"§ 208. If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county."

In *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, Judge Chadwick, speaking for the court and citing our prior decisions touching the right of a defendant to have the venue of an action of this nature in the superior court of the county of his residence, said:

"Under Rem. Code, §§ 207, 208, and 209, one who is sued in a county other than that of his residence is entitled to a change of venue, if the action be a transitory one.

"While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called upon to pass upon the question."

This view is adhered to in our decisions in *State ex rel. Poussier v. Superior Court,* 98 Wash. 565, 168 Pac. 164; *State ex rel. Schlosberg v. Superior Court,* 106 Wash. 320, 179 Pac. 865; *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708, and *State ex rel.*

*Russell v. Superior Court,* 113 Wash. 253, 193 Pac. 678. Since there is no dispute as to De Lape's residence being in Spokane county at the time of the commencement of the action, that is, at the time he was served with summons and complaint therein, that being the commencement of the action as prescribed by Rem. Comp. Stat., §§ 220, 238, it seems plain that he has the right to have the venue of the action changed to Spokane county in compliance with his motion made in that behalf, and that the matter of such change of venue is not for the superior court to view as a matter of discretion but as a matter of absolute right.

■ It is contended, however, that there is such proof of the change of residence of De Lape from Spokane county to King county, since the commencement of the action, that we should accept the trial court's recital of that fact and hold that such change of residence constituted a waiver of his claimed right to have his action transferred to the superior court for Spokane county. It may be that, if the question of De Lape's change of residence were a controlling question here, we should adopt the trial court's finding on that disputed question of fact. However, it seems to us that Rem. Comp. Stat., § 207, above quoted, plainly gives to a defendant in an action of this nature the right to have the venue of such action in the county of his residence "at the time of the commencement of the action."

■ Contention is made, as against De Lape's claimed right of change of venue to the superior court for Spokane county, that he has waived such right by long delay in pressing his motion in the superior court for King county. We do not think that he can rightfully be so charged with undue delay in view of the fact that his opponent, Charles S. Best Co., did not file its complaint or other papers in the superior court

until in January, 1930. Indeed, the record before us warrants the inference that the alleged inexcusably long delay on the part of De Lape was the result of his having some assurance from Charles S. Best Co. that his motion for change of venue to the superior court for Spokane county would not be resisted, and that the prosecution of the action in the superior court for King county would be abandoned.

Some contention is made rested upon the theory that at all events the order of the superior court denying De Lape's motion for change of venue to the superior court for Spokane county was justified by the convenience of witnesses. The trouble with this contention is that, De Lape having the absolute right of change of venue to the superior court for Spokane county because of his residence therein at the time of the commencement of the action, the question of change or determination of venue, rested upon the alleged convenience of witnesses, would be a question to be decided, if at all, by the superior court for Spokane county, that being the proper court having jurisdiction for the determination of all questions arising in the action; including the question of change of venue involving the convenience of witnesses, which would be a matter of discretion under Rem. Comp. Stat., § 209.

We conclude that the order of the superior court, above quoted, denying to De Lape change of venue to the superior court for Spokane county, must be reversed and the superior court for King county be required to grant his motion for such change. Let a writ of mandate issue accordingly.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.