[No. 37725.    Department One.    November 5, 1964.]

FRED ANDREWS *et al., Respondents,* v. A. L. CUSIN,
*Petitioner.*\*

\*Reported in 396 P. (2d) 155.

*LeCocq, Simonarson & Durnan,* for petitioner.

*Velikanje, Moore & Countryman,* by *Charles C. Countryman,* for respondents.

ROSELLINI, J.—█ This is a review on a writ of certiorari of an order denying a motion for change of venue. We have held that certiorari will lie to review such orders. *Russell v. Marenakos Logging Co.,* 61 Wn. (2d) 761, 380 P. (2d) 744.

Fred Andrews and George Jones brought this action in the Superior Court for Grant County, alleging that they had a leasehold interest in certain farm lands in Grant County and were engaged in a joint venture of raising and selling potatoes. They alleged that they had purchased seed potatoes from the defendant Cusin, which were warranted to be free of bacterial ring rot, but that in fact they were infected with ring rot; and, as a result, the plaintiffs suffered certain damages to their leasehold interest. They claimed that the defendant was guilty of breaches of express and implied warranties in the sale of the seed potatoes and was also guilty of negligence.

The defendant moved for a change of venue to Whatcom County, the county of his residence. Affidavits were submitted by both parties, and after a hearing the superior court ruled that the action was one for "injuries to real property" and was properly brought in Grant County, where the property was situated, according to RCW 4.12-.010, which provides:

"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

"(1) For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title, or for any injuries to real property. . . ."

The defendant, relator here, maintains that the action is not for injuries to real property, but to personalty, and

is therefore transitory, and that the proper venue lies in the county of his residence, under the provisions of RCW 4.12.025.

■ There can be no question but that, under our statutes and decisions, a leasehold interest in real estate for a term less than life is personal property. *In re Barclay's Estate,* 1 Wn. (2d) 82, 95 P. (2d) 393; *Taylor v. Basye,* 119 Wash. 263, 205 Pac. 16; *American Sav. Bank & Trust Co. v. Mafridge,* 60 Wash. 180, 110 Pac. 1015. It is defined, for purposes of taxation, as personal property, in RCW 84.04-.080, and excluded from the definition of real property in RCW 84.04.090.

The concept of leasehold estates as personal property, rather than real property, is generally accepted by the courts. In 51 C.J.S., Landlord and Tenant § 26, we find this summation:

"
. . .

"Except in so far as the common-law rules may have been modified by statute, terms for years, however long, are chattels real, falling within the classification of personal property. They are governed by the rules of law applicable to other kinds of personal property, and ordinarily are not embraced by the term 'real property' or 'real estate' as used generally or in statutes; and this is true although the lease gives the tenant an option to purchase, or an option to purchase is conferred by statute after the expiration of a specified time, or although a written instrument whereby a leasehold interest is created is by statute deemed a 'conveyance' for the purpose of recordation. . . ."

■ The plaintiffs, in fact, concede that a lease is generally regarded as personal property. However, they contend that it should be regarded as having a different character for purposes of the venue statutes. They give no reason why this should be done, and our research reveals that rules or statutes which require that actions for injuries to land be brought at the situs of the land have been severely criticized, as having no sound basis in reason. This is pointed out in annotations contained in 42 A.L.R. 196 and 30 A.L.R. (2d) 1219, entitled: "Jurisdiction of action at law for dam-

ages for tort concerning real property in another state or country."

On page 200 of the earlier annotation, the writer observes that Chief Justice Marshall, in the case of *Livingston v. Jefferson* (1811) 1 Brock. 203, Fed. Cas. No. 8,411, intimated his strong personal approval of the statement of Lord Mansfield, in *Mostyn v. Fabrigas* (1774) Cowp. pt. 1, p. 161, 98 Eng. Reprint, 1021, that

". . . the true distinction in respect of jurisdiction was between proceedings which are in rem, in which the effect of the judgment cannot be had unless the thing lies within the reach of the court, and proceedings against the person, where damages only are demanded. . . ."

We have here, of course, a case of the latter sort, where damages only are demanded of the defendant and the judgment can in no way affect the land or its title.

At page 201 of the annotation in 42 A.L.R., the writer says:

"Later cases recognize that the rule [requiring that actions for damages to land be brought at the situs] not only works injustice, but that it is an outgrowth of technical distinctions which no longer have any basis in law or reason, yet rigid adherence to precedent, so characteristic of our system of law, has prevented them from breaking away from the rule, which may be said to be almost universally condemned. . . ."

It is true that the cited annotations are concerned with the question of whether an action at law for damages for a tort concerning real property is a local action within the rule forbidding the courts of one state or country to take jurisdiction of local actions arising in another state, and is not concerned with matters relating to the necessity of bringing an action for damages to real property in the county where the property is situated.

It is also true that the main objection to the established rule does not obtain here. This objection is that if the defendant who has damaged the plaintiff's property cannot be sued in another state or country, the plaintiff may have no remedy. So long as the defendant resides within this

state, the plaintiff can sue him, and have the action tried in the county where the property is situated, as provided by the statute. However, if he resides outside the state and cannot be found within the state, the plaintiff has no remedy. Furthermore the reason why it is illogical to characterize an action for injuries to property as "local" rather than transitory is as applicable in this case as in the annotated cases. The judgment will not and cannot affect the land.

The plaintiffs urge that this case falls within the category of actions for "injuries to real property" because the land was injured. However, the plaintiffs do not seek damages for injuries to the land, but solely for injuries to their leasehold interest, which is the only interest they claim.

We conclude that the action, being one for breach of contract and/or negligent injury to personal property, is transitory and not local in nature; and that the proper venue is in the county of the defendant's residence, as provided in RCW 4.12.025.

Where the action is a transitory one, one sued in a county other than that of his residence is entitled to a change of venue, under RCW 4.12.027 and 4.12.030 (formerly Rem. Rev. Stat. §§ 208 and 209) to the county in which the defendants, or some of them, reside. *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P. (2d) 24; *State ex rel. DeLape v. Superior Court,* 156 Wash. 302, 286 Pac. 851; *State ex rel. Redlinger v. Superior Court,* 113 Wash. 244, 193 Pac. 676; *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708; *State ex rel. Poussier v. Superior Court,* 98 Wash. 565, 168 Pac. 164; *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630.

In the last mentioned case, this court used language which has been quoted with approval many times in the succeeding cases. Judge Chadwick, speaking for the court and citing our prior decisions touching the right of a defendant to have the venue of a transitory action in the superior court of the county of his residence said:

"Under Rem. Code, §§ 207, 208, and 209, one who is sued

in a county other than that of his residence is entitled to a change of venue, if the action be a transitory one.

"While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called upon to pass upon the question. . . ."

No question of fact regarding the county of the defendant's residence was raised in this case, it being conceded that he resides in Whatcom County. Where there is no dispute as to the defendant's residence, a change of venue is not for the superior court to view as a matter of discretion but as a matter of right. *State ex rel. DeLape v. Superior Court, supra; State ex rel. Owen v. Superior Court, supra.*

■ In his affidavit of merits, the defendant stated that it would also serve the convenience of witnesses to have the case tried in Whatcom County, and this contention was contraverted in the answering affidavit of the plaintiffs. However, the fact that this question was raised did not deprive the defendant of his right to have the venue first laid in the county of his residence. *State ex rel. DeLape v. Superior Court, supra; State ex rel. Owen v. Superior Court, supra.* In the *Owen* case, this court stated the applicable rule, in these words:

"A motion for change of venue on the ground of residence is not to be nullified because accompanied by motion based upon other grounds, nor by counter motions of the plaintiff, setting up other grounds. That is to say, the defendant's right cannot be denied by his simultaneous assertion of his privileges, nor by the plaintiff's assertion of his privileges."

As this court further stated in the cited cases, whether the venue should be changed for the convenience of witnesses is a question to be addressed to the discretion of the superior court of the county in which the defendant resides.

■ The right to a change of venue may be waived by failing to urge it before the superior court (see *State ex rel.*

*Redlinger v. Superior Court,* 113 Wash. 244, 193 Pac. 676),
but there is no question of waiver in this case.

The order denying the defendant's motion is set aside
and the cause is remanded with directions to transfer the
action to the Superior Court for Whatcom County.

OTT, C. J., HUNTER and HALE, JJ., and FOLEY, J. Pro Tem.,
concur.

*Reported in 396 P. (2d) 642.