[No. 1296-1.    Division One—Panel 1.    May 22, 1972.]

ROMI LUCAS, *Petitioner*, v. MARSHALE STAPP *et al.*, *Respondents.*

*Jay Nuxoll*, for petitioner.

*John H. Sennhauser* and *Linda L. Dawson*, for respondents.

*Slade Gorton, Attorney General*, and *James M. Kennedy, Assistant*, amici curiae.

WILLIAMS, J.—■ This is a proceeding in certiorari to review an order dismissing a writ of attachment which was issued when the principal action was commenced. The sole question in the case is whether a portion of the Washington attachment statute, RCW 7.12.020,[1] which authorizes seizure of property before judgment on a contract action, is in conflict with the due process clause of the fourteenth amendment of the United States Constitution and article 1, section 3 of the Washington State Constitution.

This case is a typical example of the application of the attachment statute. The complaint of Romi Lucas alleged that he had contracted with Marshale Stapp to repair the Stapp car, had performed, and that $376.37 was owing therefor. Lucas filed an affidavit of attachment as required by RCW 7.12.020, wherein he stated:

1. That he is the Plaintiff in the above-entitled action.

2. That the Defendant in the above-entitled action, MARSHALE STAPP is indebted to the Plaintiff in the sum of Three Hundred Seventy-Six and 37/100 Dollars ($376.37), although there may be an offset for painting done by the Defendant for the Plaintiff which might have a value of as much as $75.00, so as to leave the sum of $301.37 due over and above all just credit and offsets.

3. That this affidavit is made to secure the issuance of a writ of attachment and such writ is not sought nor such action prosecuted to hinder, delay or defraud any creditor of said defendant.

4. That the cause of this attachment is for a contract for the repair of the automobile of the Defendant including services rendered and completed—a contract expressed or implied.

Lucas also filed a bond as required by RCW 7.12.060 in double the amount of his demand, conditioned that he would prosecute his action without delay and pay damages

---

[1] RCW 7.12.020 "The writ of attachment shall be issued by the clerk of the court in which the action is pending; . . . the plaintiff, . . . shall make and file with such clerk an affidavit showing . . .

" . . .

"(10) That the object for which the action is brought is to recover on a contract, express or implied."

sustained and costs adjudged to Stapp if the attachment proved to be wrongfully, oppressively, or maliciously sued out. The county clerk issued the writ of attachment, and the sheriff took possession of the car. As far as we know, nothing has been done in the main action except for the service and filing of the summons, complaint, answer and counterclaim.

The attachment statute does not provide for a hearing, and Stapp did not receive any notice, nor did he have the opportunity to be heard prior to the seizure of his property. Before the entry of judgment in the main action, he could only recover his property by settling with Lucas or by posting a redelivery bond. RCW 7.12.250.

Article 1, section 3 of the Washington State Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." The pertinent portion of the fourteenth amendment of the United States Constitution is:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The common practice of prejudgment seizure of a defendant's property without notice or hearing was challenged in *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969), wherein the question of the constitutionality of the garnishment of wages before judgment and without notice or hearing was raised. The United States Supreme Court held the practice to be unconstitutional upon three grounds:

1. Wages are a specialized form of property which should be exempt from prejudgment attachment.

2. Notice and hearing are required when the taking of property may impose tremendous hardship or involve necessities.

3. Summary procedures may meet the requirements of

due process in extraordinary situations, but should not be used in a case which presents no situation requiring a special protection to a state or creditor interest.

Prior to *Sniadach*, *McKay v. McInnes*, 279 U.S. 820, 73 L. Ed. 975, 49 S. Ct. 344 (1929), in a per curiam opinion, affirmed a ruling that a prejudgment attachment of real property and shares of stock in a contract action was not violative of due process. *McKay* was based upon *Coffin Bros. & Co. v. Bennett*, 277 U.S. 29, 72 L. Ed. 768, 48 S. Ct. 422 (1928), which held that a state officer can attach stockholders' assets without a hearing after a bank failure, and *Ownbey v. Morgan*, 256 U.S. 94, 65 L. Ed. 837, 41 S. Ct. 433, 17 A.L.R. 873 (1921), which held that the sovereignty of each state permits seizure of a nonresident's property to secure jurisdiction.

The principle of *Sniadach* that summary proceedings should not be used in a case which presents no situation requiring a special protection to a state or creditor interest was carried into *Boddie v. Connecticut*, 401 U.S. 371, 378, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971), a divorce action, wherein the court said:

> That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest, . . .

(Footnote omitted.)

Among recent cases which bear upon the question are *Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971), in which the Supreme Court held that notice and hearing are required before a driver's license and registration can be suspended under a motor vehicle safety responsibility statute, and *Goldberg v. Kelly*, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1969), wherein it was decided that the financial aid of welfare recipients may not be terminated without prior notice and hearing.

In *Randone v. Appellate Dep't of the Superior Court*, 5

Cal. 3d 536, 96 Cal. Rptr. 709, 488 P.2d 13 (1971), there was a petition to discharge a prejudgment writ of attachment of a checking account. The California Supreme Court pointed to the irreconcilable conflict between *Sniadach v. Family Fin. Corp., supra,* and *McKay v. McInnes, supra,* and noted that the 40-year-old per curiam opinion in *McKay* was "too thin a reed" to support the plaintiff's position.

The affidavit of Lucas presents a commonplace rather than an extraordinary situation. Stapp was deprived of a "significant property interest," possession of his automobile, through a summary administrative proceeding in which he had no part. The fact that he could regain possession by acceding to the monetary demands of Lucas or by posting a redelivery bond does not alter the character of that deprivation.

Affirmed.

JAMES and SWANSON, JJ., concur.