[No. 1496-1.    Division One—Panel 1.    July 3, 1972.]

SEATTLE CREDIT BUREAU, *Petitioner*, v. ALVIN K. HIBBITT *et al.*, *Respondents*.

*William A. Noble*, for petitioner.

*John Sennhauser*, for respondents.

*Slade Gorton, Attorney General,* and *James M. Kennedy, Assistant,* amici curiae.

WILLIAMS, J.—The question in this case is whether the trial court erred in ruling that a prejudgment attachment of an automobile was invalid. We agree with the trial court and affirm.

The facts are these: The defendant, Alvin K. Hibbitt, purchased tires, wheels, and brake linings from Firestone Stores on three separate security agreements which permitted repossession. The items were installed in Hibbitt's car, and he subsequently defaulted in payment. Firestone Stores assigned the agreements to Seattle Credit Bureau, which commenced action for recovery of the purchase prices. At the time that the summons and complaint were filed, Seattle Credit applied for and the county clerk issued a writ of attachment pursuant to RCW 7.12. The specific ground for the issuance of the attachment was that there was money due on a contract. RCW 7.12.020 (10). The sheriff then seized the car and Hibbitt moved to quash the writ.

In the recent case of *Lucas v. Stapp,* 6 Wn. App. 971, 497 P.2d 250 (1972), a parallel situation was presented. This court decided that the prejudgment statute as applied violated the due process clauses of article 1, section 3 of the Washington State Constitution, and the fourteenth amendment of the United States Constitution. The controlling case cited in *Lucas* is *Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969).

Seattle Credit contends that *Lucas* is distinguishable because the security interest of Firestone Stores in part of the Hibbitt car is entitled to the special protection referred to in *Sniadach.* We disagree for three reasons: First, application for the writ was not made, nor was it issued, on the basis of a specially protected interest, but rather upon money due upon an express contract. Second, the writ was not directed to the items in which there was a security interest, but rather to the entire vehicle. Finally, the United States Supreme Court in *Fuentes v. Shevin,* 407

U. S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972), ruled that a conditional sale contract does not present a situation so truly "unusual" as to warrant, without prior hearing, seizure of the property conditionally sold.

The judgment of the trial court quashing the prejudgment writ of attachment is affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.