[No. 1296-3.   Division Three.   December 4, 1974.]

LLOYD F. COLE, *Respondent*, v. ERNEST J. SANDS et al., *Petitioners.*

*John G. Layman* and *Stephen J. Looney* (of *Layman, Mullin & Etter*), for petitioners.

*John D. MacDougall,* for respondent.

McInturff, J.—Petitioners seek a writ of certiorari to review a decision of the Stevens County Superior Court denying their motion for a change of venue to Spokane County. A show cause order was issued by this court with the request that counsel be prepared to argue the matter on its merits.

A summons and complaint for collection of an open account was served upon petitioners June 11, 1974, in Spokane County; the complaint was filed July 3, 1974, in Stevens County. Petitioners filed a motion for change of venue in Stevens County July 22, 1974, accompanied by their affidavit that they had been residents of Spokane County for 5 years, and both were residents of this county at the time the action was commenced. The motion was argued July 26, 1974. An order denying the motion, ostensibly for lack of an affidavit of merits (RCW 4.12.027), was entered September 13, 1974.

A writ of certiorari is the proper procedure to re-

view a superior court's order refusing a change of venue. *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 380 P.2d 744 (1963).

The sole issue presented is whether the first affidavit filed by petitioners is sufficient to comply with the requirement of RCW 4.12.027[1] for an affidavit of merits. We answer in the affirmative.

This issue was presented to the court in *State ex rel. Stewart & Holmes Drug Co. v. Superior Court*, 67 Wash. 321, 324, 121 P. 460 (1912), wherein that court held:

> [W]e think it is clear that, although admitting that there are certain cases where an affidavit of merits, taken in its old-time technical sense, is an essential prerequisite to the order of the court [to change venue], it does not follow that it is so in all cases. Section 209 [Rem. & Bal., now codified as RCW 4.12.030] provides that the court may change the place of trial when it appears by *affidavit* that "the county designated in the complaint is not the proper county," . . . *Clearly the affidavit mentioned here is not the old-time affidavit of merits. The merit of the case is immaterial where a defendant may change the place of trial to the county of his residence as a matter of right;* . . . A change of venue is made, . . . when facts showing any of these conditions [set forth in RCW 4.12.030] are made to appear, not because there may be a defense to the action which is sustained by advice of counsel, but because of the statute itself; and when a showing of any of these grounds is brought to the attention of the court by affidavit, it will be held to be an "affidavit of merits," within the meaning of the term as employed in § 208 [Rem. & Bal., now codified as RCW 4.12.027], and the word "affidavit" as it appears in § 209, Rem. & Bal. Code.

(Italics ours.) This reasoning was implicitly adopted in *Andrews v. Cusin*, 65 Wn.2d 205, 396 P.2d 155 (1964), and

---

[1] "If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county."

*Corning & Sons, Inc. v. McNamara*, 8 Wn. App. 441, 506 P.2d 1328 (1973).[2]

RCW 4.12.090(1) provides:

> When an order is made transferring an action or proceeding for trial, the clerk of the court must transmit the pleadings and papers therein to the court to which it is transferred. The costs and fees thereof and of filing the papers anew must be paid by the party at whose instance the order was made, except in the cases mentioned in RCW 4.12.030 (1), in which case the plaintiff shall pay costs of transfer and, in addition thereto, if the court finds that the plaintiff could have determined the county of proper venue with reasonable diligence, it shall order the plaintiff to pay the reasonable attorney's fee of the defendant for the changing of venue to the proper county.

Consequently, the respondent shall pay the cost of transfer. However, the question whether the respondent could have determined the county of proper venue with reasonable diligence must be determined in the present case by the trial court upon remand. If the trial court determines this issue adversely to the respondent, then, in its computation of the attorney's fees due petitioners, shall take into consideration not only the motion for change of venue argued before it, but also the prosecution and argument of this writ of certiorari.

The requested writ shall issue; the order of the trial court is reversed, and the cause remanded for proceedings in accordance with this opinion.

GREEN, C.J., and MUNSON, J., concur.

[2]CR 82(b) *does not supersede* RCW 4.12.025, .027, or .030. Consequently, its reference to an "affidavit of merits" must also be construed in light of *State ex rel. Stewart & Holmes Drug Co. v. Superior Court, supra.*