[No. 39020.    Department One.    January 5, 1967.]

DONNA J. PATERSON, *Respondent*, v. ROBERT L. PATERSON, *Petitioner*, THE SUPERIOR COURT FOR SPOKANE COUNTY, *Ralph P. Edgerton, Judge, Respondent.**

*John D. MacGillivray,* for petitioner.

*R. G. Schimanski,* for respondent.

*Del Cary Smith, Philip S. Brooke, Richard S. Munter, Clarence A. Orndorff, Carl Maxey, William G. Ennis, Leo N. Cashatt, Robert L. Bell, Will Lorenz, Thomas F. Lynch, Jerome Williams, Robert J. McNichols, Lester P. Edge, Paul A. Clausen, Jack R. Dean,* and *Justin L. Quackenbush,* amici curiae.

HILL, J.—*Quaere*: Is the "may" in RCW 26.08.030 permissive or mandatory?

The statute reads:

Any person who has been a resident of the state for one year *may* file his or her complaint for a divorce under oath, in the superior court of the county where he or she *may* reside. (Italics ours.)

■ *Answer*: There is, in this statute, no reason to depart from the usual interpretation of "may" as permissive; consequently, a divorce action does not have to be commenced in the county where the plaintiff resides; residence in the state for one year is the only jurisdictional requirement relative to a divorce action. If the plaintiff elects to utilize the permission given by this section, it

*Reported in 422 P.2d 474.

removes any question as to whether an action against a resident defendant should be brought in the county in which he resides (RCW 4.12.025).

*Circumstances which raised question*: A husband and wife were residents of Spokane County. The wife commenced a divorce action in Lincoln County. The husband appeared, answered, and cross-complained. The case was tried in that county with both parties present. Findings of fact, conclusions of law, and a decree were filed January 28, 1966. By the decree, the wife's complaint for divorce was dismissed; the husband was awarded custody of the minor children; and the community and separate property of the parties was divided.

On April 5, 1966, the wife filed in Spokane County her motion to set aside and vacate the Lincoln County judgment. Counsel for the parties and the judge of the Spokane County Superior Court were in agreement that the Lincoln County decree could only be attacked in the Spokane County action if that decree were void on its face, and that the Judge of the Spokane County Superior Court could not consider any evidence dehors the record of the Lincoln County action.

The Judge of the Spokane County Superior Court, being of the opinion that the record disclosed that the plaintiff wife was a resident of Spokane County when she commenced the divorce action in Lincoln County, indicated that he would grant the motion to set aside the Lincoln County judgment.

The husband then petitioned this court for a writ of prohibition. The Chief Justice issued an order temporarily restraining the Judge of the Spokane County Superior Court from exercising further jurisdiction until after a hearing by this court on the application for a writ of prohibition, which hearing was held on September 12, 1966.

*Disposition of the Application*: We assume, for the purpose of this determination, that the Spokane County Superior Court judge could determine from the record of the Lincoln County divorce action that the plaintiff therein was a Spokane resident.

We do not need to consider whether the defendant could have secured a change of venue.

> If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county. (RCW 4.12.027)

Only if the bringing of the action in the county of the plaintiff's residence is a jurisdictional requirement is there any basis for the action which the Spokane County Superior Court has indicated it will take.

Our answer to the *Quaere* makes it clear that the plaintiff in a divorce action does not have to bring the action in the county of his or her residence. The only jurisdictional requirement for commencing an action for divorce is residence in the state for one year by the plaintiff.

The writ of prohibition requested will issue.

ROSELLINI, C. J., OTT and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.