[No. 40344. Department One. November 15, 1968.]

GLADYS B. SCHROEDER, *Respondent,* v. JOHN W. SCHROEDER, *Petitioner.*[*]

*Miller & Sackmann* and *W. Walters Miller,* for petitioner.

*T. David Gnagey,* for respondent.

[*]Reported in 447 P.2d 604.

RUMMEL, J.†—This is a divorce action filed by the plaintiff wife in Spokane County. The defendant husband seeks by writ of certiorari to review an order of the superior court of that county denying a motion for a change of venue.

Neither of the parties is a resident of Spokane County. It is undisputed that the residence of the husband is in Adams County; the wife claims residence in Lincoln County.

In the trial court, the defendant filed a proper motion for a change of venue to the county of his residence. The plaintiff countered with an affidavit of prejudice against the judge of Adams County and affidavits stating her inability to receive a fair trial in either Adams or Lincoln County.

The chief argument of the plaintiff is that under the authority of *Paterson v. Paterson*, 70 Wn.2d 204, 422 P.2d 474 (1967) the provisions of the statute relating to divorce cases excludes the application of the statute requiring actions to be brought in any county where the defendant resides. This statute pertaining to divorce cases only, RCW 26.08.030, was the subject of interpretation in *Paterson, supra.* However, the factual situation was quite different than in the instant case. There the Patersons, residents of Spokane County, tried their case with no attempt to change the venue. After the wife's complaint was dismissed and the court awarded custody of the children to the husband, the wife filed a motion in Spokane County to vacate and set aside the Lincoln County judgment. All concerned agreed that the Lincoln County judgment could be attacked in Spokane County only if that decree were void on its face. This necessitated an examination of RCW 26.08.030, reading as follows:

> Any person who has been a resident of the state for one year may file his or her complaint for a divorce under oath in the superior court of the county where he or she may reside.

---

†Judge Rummel is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

and RCW 4.12.027 which reads:

> If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county.

Referring to the first of these statutes, the court in *Paterson* said at 204:

> There is, in this statute, no reason to depart from the usual interpretation of "may" as permissive; consequently, a divorce action does not have to be commenced in the county where the plaintiff resides; residence in the state for one year is the only jurisdictional requirement relative to a divorce action.

The opinion in *Paterson, supra,* obviously determines only the question of jurisdiction. In fact the court there expressly excludes the subject of venue by these words at 206:

> We do not need to consider whether the defendant could have secured a change of venue.

The case also demonstrates that a change of venue may be waived by failing to urge it before the superior court. The principle that venue may be thus waived has been stated in *State ex rel. Redlinger v. Superior Court,* 113 Wash. 244, 193 Pac. 676 (1920) and in *Andrews v. Cusin,* 65 Wn.2d 205, 396 P.2d 155 (1964). A party cannot submit to a trial, and then, because the result is adverse, attack the venue.

The case of *Isho v. Angland,* 65 Wn.2d 375, 397 P.2d 422 (1964) would appear to be analogous to the instant case. There the plaintiff brought an action in King County for damages arising out of a motor vehicle accident. By RCW 4.12.020(3) a plaintiff is given the option of bringing a motor vehicle damage case either in the county in which the accident occurred, or in the county in which the defendant resides. King County was neither. It was there held that because the plaintiff failed to exercise either option, the defendant was given the right to have the venue changed to the county of his residence. The same reasoning

dictates here, since the plaintiff failed to bring the action in her county of residence, the defendant is entitled to a change of venue to his county of residence.

We see no occasion to change the long established rule in this state that a defendant has an absolute right to have a transitory form of action moved to his place of residence, under the provisions of RCW 4.12.025, the pertinent portion of which reads:

An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action.

For some of the pertinent cases see *Andrews v. Cusin, supra,* and *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630 (1917); *State ex rel. De Lape v. Superior Court,* 156 Wash. 302, 286 Pac. 851 (1930) and *State ex rel. Nielsen v. Superior Court,* 7 Wn.2d 562, 110 P.2d 645, 115 P.2d 142 (1941).

It is for the court in such county of the residence of the defendant to rule on the granting of a change of venue to another county upon any of the grounds set forth in RCW 4.12.030. *State ex rel. De Lape v. Superior Court, supra.*

The action of the trial court of Spokane County is reversed with directions to grant a change of venue to Adams County. The right of the plaintiff to then move for a change of venue under RCW 4.12.030 shall be without prejudice.

HILL, ROSELLINI, HALE, and McGOVERN, JJ., concur.