[No. 3331-3. Division Three. October 30, 1979.]

MARY DELAGARZA, *Respondent,* v. ALBERT RENNEBOHM, *Appellant.*

*Phelps R. Gose* and *Taggart, Phillips & Gose,* for appellant.

*James E. Barrett,* for respondent.

GREEN, C.J.—Albert Rennebohm moved for discretionary review of the trial court's denial of a motion for a change of venue. We granted review to consider the following question: Is an action for the division of property acquired during a meretricious relationship a local or transitory action?

Mary DeLaGarza petitioned the Walla Walla County Superior Court to dissolve her "meretricious relationship and/or common–law marriage" with Mr. Rennebohm. She asked the court to award her certain real property located in the county of Walla Walla and held in Mr. Rennebohm's name. Mr. Rennebohm moved for a change of venue to his residence, King County. In his affidavit in support of this

motion, he stated that he had resided in King County for the past year and a half, and that he had never entered into a marriage relationship with the petitioner. The trial court denied the motion, holding that the petitioner's action was analogous to a suit to partition real property, a local action which must be commenced in the county in which the real property is situated. RCW 4.12.010(1).[1] We disagree.

■ Petitioner seeks to dissolve a common–law marriage. Our state has never recognized such a marriage. *In re Estate of McLaughlin*, 4 Wash. 570, 30 P. 651 (1892). However, if a common–law marriage were contracted and consummated in a state where such a relationship is lawful, our state would give it effect. *In re Estate of Gallagher*, 35 Wn.2d 512, 514–15, 213 P.2d 621 (1950); *In re Warren*, 40 Wn.2d 342, 344, 243 P.2d 632 (1952). The venue provisions of the marriage dissolution act would then apply and permit the action in the county of petitioner's residence. RCW 26.09.010(2).[2] Here, there are no allegations to support a valid common–law marriage in another state. To the contrary, petitioner alleges the parties began living together in Washington in 1972. Consequently, the venue provisions of the dissolution act do not govern this action.

■■ In order for petitioner to share in property acquired during a meretricious relationship, she must prove the existence of some trust relationship with Mr. Rennebohm by which he either directly or impliedly agreed to hold the property for their mutual benefit. *Creasman v. Boyle*, 31 Wn.2d 345, 196 P.2d 835 (1948); *In re Estate of Thornton*, 81 Wn.2d 72, 80–81, 499 P.2d 864 (1972). Although real estate may be affected, a proceeding to

---

[1]RCW 4.12.010 states:
"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:
"(1) . . . for the partition of . . . the title . . . to real property."

[2]RCW 26.09.010(2) reads:
"A proceeding for dissolution of marriage . . . may be filed in the superior court of the county where the petitioner resides."

impose a trust is a transitory action. *Donaldson v. Greenwood,* 40 Wn.2d 238, 250, 242 P.2d 1038 (1952); *See Venue of action for partnership dissolution, settlement, or accounting,* Annot., 33 A.L.R.2d 914 (1954). Even if petitioner seeks an equitable division of the property based *solely* upon the existence of the meretricious relationship, the action would still be transitory since equity acts in personam. 2 L. Orland, Wash. Prac. § 43, at 74 (3d ed. 1972). As a general rule, the venue of transitory actions is in the county of the defendant's residence, RCW 4.12.025,[3] and he has an absolute right to have the action commenced there. *Schroeder v. Schroeder,* 74 Wn.2d 853, 856, 447 P.2d 604 (1968).

Consequently, the court erred in holding the action was local in nature and it should have granted the motion for change of venue.

Reversed.

MUNSON and ROE, JJ., concur.

---

[3]RCW 4.12.025 provides:
"An action may be brought in any county in which the defendant resides . . ."