[No. 6503-7–II.   Division Two.   November 30, 1983.]

FRANCES RHINE DAVIDSON, ET AL, *Petitioners*, v. WEYERHAEUSER COMPANY, *Respondent.*

*M. Lawrence Ross* and *Phillip J. French,* for petitioners.

*Helmut Wallenfels,* for respondent.

PETRIE, J.—Plaintiffs and defendant both seek review of a trial court's order which changed venue of this transitory action for monetary damages from Pierce County to King County. Plaintiffs, Frances Rhine Davidson and Carson's Investment Co., Inc., d/b/a R & E Demolitions, contend they properly filed this action in Pierce County pursuant to RCW 4.12.025 as a county in which defendant, Weyerhaeuser Company, transacts business. Weyerhaeuser, on the other hand, contends the trial court erred by not granting its motion to change venue to Snohomish County.[1] We hold that plaintiffs chose an appropriate county in which to bring this action and that defendant could not obtain a change of venue to Snohomish County as a matter of right. Accordingly, we reverse the trial court's order and remand with direction to proceed in Pierce County.

Resolution of the issues presented on review requires interpretation of RCW 4.12.025, as last amended in 1965 as follows:

> An action *may be brought in any county in which the defendant resides,* or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. [2] For the purpose of RCW 4.12.025, 4.12.026 and 4.12.027, the *residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business* or has an office for the transaction of business or transacted business at the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided. [3] The *venue of any action brought against a corporation, at the option of the plaintiff,*

---

[1]Weyerhaeuser's motion also sought change of venue pursuant to RCW 4.12-.030, "convenience of witnesses," but the trial court expressly refused to grant the motion on that basis, and Weyerhaeuser has abandoned efforts to pursue change of venue under RCW 4.12.030.

*shall be* (1) in the county where the tort was committed; (2) in the county where the work was performed for said corporation; (3) in the county where the agreement entered into with the corporation was made; or (4) in the county where the corporation has its principal place of business.[2]

(Italics ours.)

■ The third sentence of the statute was added to the preexisting first and second sentences by floor amendment in 1965 as section 168 (the last section) of the Washington Business Corporation Act, Laws of 1965, ch. 53. *See* Senate Journal, 39th Legislature (1965), at 685, 686. Weyerhaeuser contends this third sentence limits the venue of a transitory action against a corporate defendant to the four categories enumerated in that sentence, of which, admittedly, none applies to the pleadings in plaintiffs' complaint. We disagree.

Weyerhaeuser's contention is that when the second sentence, which defines "the residence of a corporation defendant", ends with the admonition "unless hereinafter otherwise provided", the third sentence contains the operative venue provisions. Though the 1965 amendment could have been drawn more artfully, we hold it expanded, rather than limited, the venue options available to a plaintiff who sues a corporate defendant in a transitory action. We reach this result not only from the plain meaning of the words used in the statute, but also from consideration of previous judicial interpretations of the pre–1965 version of the statute.

When a plaintiff commences an action in a county not authorized by statute, a solely named defendant has an absolute right, when timely sought, to have venue of a transitory action changed to his county of residence. *Isho v. Angland,* 65 Wn.2d 375, 397 P.2d 422 (1964); *State ex rel. De Lape v. Superior Court,* 156 Wash. 302, 286 P. 851

---

[2]We have expressly identified the three sentences by number in the hope that reference to the several sentences of RCW 4.12.025 by number, rather than setting them forth in full in the rest of this opinion, will provide more facile reading.

(1930). Only after venue has been changed to a proper county may a party seek a discretionary order of the court to change venue based on convenience of witnesses under RCW 4.12.030(3).[3] *Schroeder v. Schroeder,* 74 Wn.2d 853, 447 P.2d 604 (1968); *Isho v. Angland, supra.*

Without question, Pierce County is a county of Weyerhaeuser's "residence" under the second sentence of RCW 4.12.025, because it "transacts business" in Pierce County. Thus, unless the third sentence negates the provisions of the second sentence, venue lies properly in Pierce County. The wording of the third sentence, mandating, "at the option of the plaintiff," proper venue in a county which meets any of the four categories therein enumerated, does nothing more nor less than grant to a plaintiff, when suing a corporate defendant, the right to avoid that corporation's hitherto absolute right to obtain a change of venue to its county of residence. In that sense, the 1965 amendment expanded, rather than restricted, plaintiffs' choice of venue when suing a corporate defendant. *See* 2 L. Orland, Wash. Prac. § 42 n.9 (3d ed. Supp. 1983).

Because this action was properly brought in Pierce County, the trial court's order changing venue to King County must be, and it is hereby, reversed. This cause is remanded with direction to proceed in Pierce County.

WORSWICK, A.C.J., and REED, J., concur.

---

[3]RCW 4.12.030(3) provides:

"The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

". . .

"(3) That the convenience of witnesses or the ends of justice would be forwarded by the change . . ."