[No. 15810-4-I.   Division One.   December 29, 1986.]

*In the Matter of the Guardianship of*
TANYA MARSHALL.

THOMAS MARSHALL, ET AL, *Appellants,* v. RLYN PITT,
ET AL, *Respondents.*

340

*Charles E. Welsh,* for appellants.

*Mark D. Theune* and *Kenneth A. Manni,* for respondents.

RINGOLD, J.—The parents, Thomas and Evelyn Marshall, appeal from an order appointing the grandparents, Rlyn and Mary Pitt, guardians of the person and estate of Tanya Marshall, then 14 years old.

On October 22, 1984, John McElheron, a social worker with the Department of Social and Health Services, interviewed Tanya Marshall regarding allegations of inappropriate sexual conduct on the part of her father. Tanya told McElheron that her father, Thomas Marshall, had touched her breasts underneath her clothes. She said that he had been drinking at the time and described his history of alcohol abuse.

Later that day, McElheron interviewed Tanya's mother, Evelyn Marshall. He proposed several options to her, including placing Tanya with a relative. The next day, Tanya recanted her story in another interview with McElheron. Evelyn Marshall eventually decided to place Tanya in the custody of her grandparents for the rest of the school year and signed a document to that effect.

On October 31, Rlyn and Mary Pitt, as petitioners, filed a petition in Island County Superior Court pursuant to RCW 11.88 requesting that they be appointed Tanya's guardians. The court ordered the parents to appear on November 21 to show cause why the petition should not be granted. The court also entered a temporary restraining order prohibiting the parents from contacting Tanya without the Pitts' consent. The hearing on that order was also to be held on

November 21.

At the hearing, the court heard testimony from the Marshalls, the Pitts and McElheron, as well as Dr. Diane Reardon, a psychologist, and an attorney, Jessie Valentine, Tanya's guardian ad litem. After the petitioners' case, the Marshalls moved for a change of venue to King County and dismissal. The court denied both motions.

At the conclusion of the hearing, the court appointed the Pitts as guardians finding that it was "in the best interests" of Tanya. In so doing, the court indicated that it was taking no cognizance of the allegations of inappropriate sexual conduct by Thomas Marshall. The court ordered that "the terms of the temporary restraining order" should "remain in full force and effect" and declined to put any restrictions on the duration of the guardianship. The Marshalls appeal.

## VENUE

RCW 11.88.010(3) provides that venue for guardianship petitions "shall lie in the county wherein the alleged incompetent . . . is domiciled . . ." The Marshalls argue that Tanya's domicile was in King County where they reside, therefore venue in Island County was improper. The Pitts argue (a) that the Marshalls' motion was untimely, (b) that Tanya's domicile was in Island County, and (c) that the Marshalls have not shown that they were prejudiced by the denial of their motion.

When an action is commenced in the wrong county, a solely named defendant has an absolute right, when timely sought, to a change of venue. *Davidson v. Weyerhaeuser Co.*, 36 Wn. App. 150, 152, 672 P.2d 767 (1983). It is not, as the Pitts argue, a matter within the court's discretion. If, however, instead of seeking review by certiorari, the moving party waits until the conclusion of trial and then asks an appellate court to set aside an unfavorable judgment, he must show that he was prejudiced by the denial of a change of venue. *Lincoln v. Transamerica Inv. Corp.*, 89 Wn.2d 571, 578, 573 P.2d 1316 (1978).

The Marshalls failed to move for a change of venue until

the close of petitioners' case. They are now asking this court to set aside the judgment on appeal. Accordingly, they must demonstrate that they were prejudiced by the denial of their motion. *Lincoln,* at 578.

The Marshalls argue that they were prejudiced because the psychologist and the guardian ad litem, who were residents of Island County, had not interviewed them, and consequently presented a "one–sided version of the facts." They do not contend that they sought such interviews, or that they were unable to call witnesses of their own because of the location of the hearing. The parents have shown only inconvenience, not prejudice sufficient to overcome the strong presumption that "the mills of justice grind with equal fineness in every county of the state". *Lincoln,* at 578. We refuse to disturb the trial court's ruling denying a change of venue.

## MOTION TO DISMISS

At the close of the Pitts' case, the Marshalls moved to dismiss "based on the pleadings under failure cause of action [*sic*]." On appeal, both parties agree that this should be interpreted as a CR 41(b)(3)[1] motion.

> The requisite standard for ruling on motions which challenge the sufficiency of evidence is axiomatic. Such motions admit the truth of appellant's evidence and all inferences reasonably drawn therefrom and require the evidence to be interpreted most strongly against the moving party. No element of discretion is involved. The motion can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the claim.

*Hull v. Enger Constr. Co.,* 15 Wn. App. 511, 513, 550 P.2d 692 (1976); *see also Brant v. Market Basket Stores, Inc.,* 72

---

[1]CR 41(b)(3) provides in pertinent part:

"(3) *Defendant's Motion After Plaintiff Rests.* After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on ground that upon the facts and the law the plaintiff has shown no right to relief."

Wn.2d 446, 447, 433 P.2d 863 (1967).

The thrust of the Marshalls' argument to the trial court was that there was no credible evidence of indecent liberties or that Mr. Marshall's drinking posed a danger to anyone. They argue that the evidence was predominantly hearsay allegations.

■ While the Marshalls are correct that most of the evidence of these matters was based upon hearsay, the Marshalls failed to object to the admission of this evidence. "Hearsay evidence admitted without objection may be considered by the trier of fact or the appellate court for its probative value." (Footnote omitted.) 5A K. Tegland, Wash. Prac., *Evidence* § 358, at 195 (2d ed. 1982). Upon reviewing the record, we find substantial probative evidence to support the allegations.

## APPOINTMENT OF GUARDIAN

The Marshalls also argue that the trial court did not have authority to appoint the Pitts guardians of Tanya. They maintain that they have been effectively deprived of their parental rights by resort to an inappropriate statute and that this action should have been brought under RCW 26.09 so that they would have the benefit of the protections of that chapter.

■ We agree with the Marshalls that guardianship is an improper proceeding to terminate a parent's right to custody of his or her children. *In re Aschenbrenner,* 182 Mont. 540, 597 P.2d 1156, 1164 (1979). Similarly, a guardianship proceeding is an improper proceeding in which to adjudicate visitation rights.

"A guardian is a creature of statute, and has only those powers that are prescribed by statute." *Trenton Trust Co. v. Western Sur. Co.,* 599 S.W.2d 481, 489 (Mo. 1980); *Poling v. City Bank & Trust Co.,* 189 So. 2d 176, 182 (Fla. Dist. Ct. App. 1966). Accordingly, the mere appointment of a guardian does not necessarily extinguish the rights of the parents to the custody of their child. *Freeman v. Chaplic,* 388 Mass. 398, 446 N.E.2d 1369, 1373 (1983); *State ex rel.*

344

*Gravelle v. Rensch,* 230 Minn. 160, 40 N.W.2d 881, 883 (1950); 39 Am. Jur. 2d *Guardian and Ward* § 66 (1968).

Nothing in RCW 11.88.010 *et seq.* confers the right of custody upon a guardian. This distinguishes our guardianship statutes from the statutes of other states that make custody an incident of guardianship. *See, e.g., Clark v. Kendrick,* 670 P.2d 32, 34 (Colo. App. 1983); *Martin v. Sand,* 444 A.2d 309, 315 (Del. Fam. Ct. 1982); *In re Revello,* 100 Idaho 829, 606 P.2d 933, 936 (1979). The only portion of the order that affected the Marshalls' parental rights was the sentence which purportedly continued the "terms and conditions" of the temporary restraining order. Any aspect of the order directed to custody or visitation is invalid.

For the reasons stated herein, we affirm the appointment of the guardian. Neither party is entitled to costs on appeal.

SCHOLFIELD, C.J., and PEKELIS, J., concur.